UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
01-CR-115(JMR/RLE)
04-CV-3902(JMR)

United States of America )
)
v. ) ORDER
)
Alejandro Montoya )

Petitioner, Alejandro Montoya, seeks relief under 28 U.S.C. § 2255. The petition is hereby denied.

I. Background

On December 6, 2001, a jury convicted petitioner and his co-defendant of conspiracy to commit, and aiding and abetting the commission of possession with intent to distribute methamphetamine. As to each count, the jury unanimously found that more than 500 grams of a mixture and substance containing a detectable amount of methamphetamine was involved.[1]

On October 2, 2002, petitioner appeared before the Court for sentencing. The presentence report ("PSR") held petitioner responsible for a total of 128 grams of methamphetamine (actual), which placed him at a Base Offense Level of 32 pursuant to U.S.S.G. § 2D1.1(c)(4). He qualified as a "Career Offender" under U.S.S.G. § 4B1.1, however, which automatically raised his Offense Level to 37 and locked him into Criminal History Category VI. He thus faced

[1]Petitioner appears to believe that the jury found him liable for 50 -- rather than 500 -- grams of methamphetamine. (See, e.g., Defendant's Petition at 3.) He is mistaken. See Verdict as to Alejandro Montoya [Docket No. 53].

a guideline range of 360 months to life.

At sentencing, petitioner's attorney objected to the application of the Career Offender provision and contested the underlying felony drug convictions. Counsel also moved for a downward departure pursuant to U.S.S.G. § 4A1.3, arguing that the Career Offender provision, if applied, would significantly overstate the seriousness of petitioner's criminal history.

The Court concluded that application of the Career Offender provision was appropriate given petitioner's two prior felony drug trafficking convictions, but granted the motion for downward departure based on an overstated criminal history. Accordingly, the Court sentenced petitioner at Offense Level 32 and Criminal History Category IV, the calculations contemplated by the PSR in the absence of the Career Offender enhancement. This created a guideline range of 168 to 210 months. Petitioner was sentenced to 180 months' imprisonment.

Petitioner filed a timely appeal to the Eighth Circuit Court of Appeals, which affirmed the convictions by opinion dated November 10, 2003. Because petitioner did not file a petition for a writ of certiorari, his conviction became final on February 10, 2004.

Petitioner now brings this action, claiming ineffective assistance of counsel. In particular, he claims his attorney failed to object to the Court's purported use of a preponderance of

the evidence standard to establish drug type and quantity at sentencing which led to the imposition of an illegal sentence under Blakely v. Washington, 124 S. Ct. 2531 (2004).

II. Discussion

Claims of ineffective assistance of counsel are analyzed under the two-part test announced in Strickland v. Washington, 466 U.S. 668 (1984). A petitioner must show (1) "that counsel's representation fell below an objective standard of reasonableness," id. at 688; and (2) "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

a. Counsel's Representation was Effective

Petitioner cannot show that his attorney's representation fell below professional norms of reasonableness. The PSR in this case recommended he be sentenced in the range of 360 months to life. Counsel persuaded the Court to grant a downward departure, however, which reduced the sentence range to 168 to 210 months. Thus, it is clear petitioner was ably defended by his counsel.

b. Petitioner was not Prejudiced by any Purported Errors

Even assuming counsel's performance unreasonable, petitioner cannot possibly show prejudice. His claims rest on his attorney's failure to raise Blakely objections at sentencing. Liberally construed, Blakely holds that every fact (other than a prior conviction) that increases a defendant's maximum guideline range must be proved to the jury beyond a reasonable doubt. Accordingly,

petitioner argues the Guideline calculations were improperly enhanced by facts found by the judge using a preponderance of the evidence standard.

Blakely is inapposite. First, the case does not, by its terms, apply to the federal sentencing guidelines. Blakely, 124 S. Ct. at 2538 n.9 ("The Federal Guidelines are not before us, and we express no opinion on them."). Second, even if the Supreme Court does extend the rationale of Blakely to the federal Guidelines, there is little chance its holding would apply retroactively. Cf. Schriro v. Summerlin, 124 S. Ct. 2519 (2004) (holding that the Apprendi-based rule from Ring v. Arizona does not apply to cases on collateral review).

Most importantly, petitioner's case presents absolutely no Blakely issue. Petitioner argues his attorney should have objected to the use of a preponderance of the evidence standard to establish drug type and quantity. But these Blakely objections would have been utterly futile; petitioner met the Career Offender definition based solely on the jury's verdict and his prior convictions. U.S.S.G. 4B1.1 (2001).[2] This automatically placed him at Offense Level 37 and Criminal History Category of VI, creating a guideline

[2]The Eighth Circuit has explicitly held that application of § 4B1.1 "is unaffected by Blakely because the fact of a prior conviction need not be proved to a jury to support an increase in a defendant's sentence." United States v. Mohr, 382 F.3d 857, 861 n.5 (8th Cir. 2004) (reh'g and reh'g en banc denied, Sept. 29, 2004).

range of 360 months to life. Thus, considering only his prior convictions and the fact of the jury's verdict, petitioner faced life imprisonment. No additional fact-finding was required to sentence him to 180 months.

Further, his sentence would be unassailable even without the Career Offender provision. The jury unanimously found beyond a reasonable doubt that the offenses involved more than 500 grams of a mixture or substance containing methamphetamine, putting petitioner at Offense Level 32. U.S.S.G. § 2D1.1(c)(4) (2001). Given his undisputed Criminal History, he thus faced 168 to 210 months' imprisonment based solely on the jury's verdict. No judicial fact-finding was necessary to expose him to a sentence of up to 210 months.

Finally, petitioner's argument that the "type" of methamphetamine involved should have been proved to the jury beyond a reasonable doubt is also without merit. Citing 21 U.S.C. § 812, petitioner argues that "injectable" methamphetamine is a Schedule II drug but "non-injectable" methamphetamine is a Schedule III drug. Because the jury did not specifically find the methamphetamine involved to be "injectable," petitioner argues the five-year maximum sentence for convictions involving Schedule III drugs should apply. See 21 U.S.C. § 841(b)(1)(D).

This argument is intriguing but wrong. It is true that 21 U.S.C. § 812 originally classified "[a]ny substance (except an

injectable liquid) which contains any quantity of methamphetamine" as a Schedule III drug. But in 1971, the Attorney General, acting pursuant to explicit statutory authority, reclassified all methamphetamine -- whether injectable or not -- as a Schedule II drug. See 21 C.F.R. § 1308.12(d)(2); United States v. Roark, 924 F.2d 1426, 1428-29 (8th Cir. 1991); United States v. Kinder, 946 F.2d 362, 368 (5th Cir. 1991) ("Although the initial statutory scheme classified methamphetamine as a Schedule II substance only if in injectable liquid form, methamphetamine has since been reclassified as a Schedule II substance even if in powder form."). So there was no need for the jury to determine whether the methamphetamine was injectable.

As all of the foregoing shows, even if petitioner's counsel had presciently raised Blakely objections, they would have been properly denied. As an ineffective assistance of counsel claim cannot be based on a failure to raise losing arguments, this claim fails. See Clemons v. Armontrout, 921 F.2d 187, 191 (8th Cir. 1990).

III. Certificate of Appealability

The Court has also considered whether it is appropriate to issue a Certificate of Appealability ("COA"). See Tiedeman v. Benson, 122 F.3d 518 (8th Cir. 1997). The Court concludes that no issue raised is "debatable among reasonable jurists." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing Lozado v. Deeds,

498 U.S. 430, 432 (1991) (per curiam)). Petitioner has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for issuance of a COA. 28 U.S.C. § 2253(c)(2).

Accordingly, based on the files, records, and proceedings herein, IT IS ORDERED that:

1. Petitioner's motion for relief pursuant to § 2255 [Docket No. 83] is denied.

2. No Certificate of Appealability will be issued in this case.

Date: January 11, 2005

s/James M. Rosenbaum
JAMES M. ROSENBAUM
United States Chief District Judge